Fishman, J.
At the final pre-trial conference, the defendants, Associates for International Research, Inc., (“AIRINC”), Arthur H. Nelson, Carl F. Nelson, Frances N. McSherry, Pamela B. Nelson, and James A. Reid, requested leave to play for the jury portions of videotaped depositions of witnesses, including the plaintiffs, Geoffrey H. Rowley and Richard R. Downey, during the defendants’ cross-examination of said witnesses, that contain prior inconsistent statements. The plaintiffs object to this use of the videotaped depositions, claiming unfair prejudice. Upon review and consideration, it is hereby ORDERED that the defendants may play portions of the videotaped depositions of witnesses for the jury, provided:
(1) The defendants’ counsel notify plaintiffs’ counsel and the Court[3] of that portion of the deposition they propose to play, by reference to the page(s) and line(s) of the transcript of said deposition, in advance of its presentation to the jury to provide plaintiffs’ counsel with an opportunity to interpose an objection, including whether the statements made during the portion of the tape sought to be played are in fact prior inconsistent statements. Said notice need not be given prior to the commencement of the examination of the witness by the defendant’s counsel.
(2) The operator of the equipment can play only the appropriate section in a timely manner that will not interfere with the orderly manner of the trial or cause undue delay.
(3) Counsel for the plaintiffs are provided an opportunity, after the defendants’ counsel has completed his or her examination of any witness who has been impeached by the use of the videotaped deposition, to select those portions of the videotape which are in the nature of a prior consistent statement or otherwise tend to rehabilitate the witness as permitted by the rules of evidence, and to have those selected portions located and played to the jury during plaintiffs’ counsel’s examination of the witness by the individual operating the equipment for the defendants.[4]
This Order is subject to the imposition of any additional limitations that this Court may impose on the presentation of the videotaped depositions as may be deemed necessary during the course of the trial. Moreover, this Court will consider providing instructions to the jury relating to the use of the videotaped depositions. Any proposed instructions relating to this issue shall be filed with the Court on or before March 7, 2005.

It will be necessary for the defendants to provide the Court with copies of the depositions.

The plaintiffs will not have to share in the cost of the use of the videotape equipment or of the operator of said equipment for this limited use of same.